JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-08334 PA (KS) | Date | October 22, 2021 |
|---|---|---|---|
| Title | Viviana Rubio v. Dollar Tree Stores, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by Defendant Dollar Tree Stores, Inc. ("Defendant"). (Docket No. 1.) For the reasons discussed below, the Court finds that Defendant has not satisfied the requirements of diversity jurisdiction, and therefore remands the case back to Los Angeles Superior Court - Central District, case number 21STCV28938.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendants must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). The Ninth Circuit recognizes an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-08334 PA (KS) | Date | October 22, 2021 |
|---|---|---|---|
| Title | Viviana Rubio v. Dollar Tree Stores, Inc. et al. | | |

the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id. (citing Archuleta v. American Airlines, Inc., No. CV 00-1286, 2000 WL 656808, at *4 (C.D. Cal. 2000)).

While a court can look at evidence including declarations, a court should remand a case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Morris, 236 F.3d at 1066. "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. 13CV4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (quotations omitted).

As alleged in the Notice of Removal: "Lowe's is informed and believes, and thereon alleges that Defendant MARIO CALLEJAS was, at the time of filing of this action, a citizen of California." (Notice of Removal ¶12.) The Notice of Removal alleges that the citizenship of the individual defendant "MARIO CALLEJAS may be disregarded because he has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction." (Id. at ¶13.) The Notice of Removal further argues that Mario Callejas is a sham defendant because he is not subject to liability given that "he was not working at the subject store on the date of loss of August 11, 2019, and did not own or possess the subject store" and therefore "no act or omission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-08334 PA (KS) | Date | October 22, 2021 |
|---|---|---|---|
| Title | Viviana Rubio v. Dollar Tree Stores, Inc. et al. | | |

on his part could have caused Plaintiff's injuries, and he cannot be held liable for any dangerous condition of the La Brea store." (Id. at ¶17.)

Defendant's argument is unpersuasive. First, Defendant argues that the individual defendant was not working at the store the day of the alleged incident, however, that allegation presents a factual matter that is not referenced in Plaintiff's Complaint. Second, Defendant has not submitted a declaration in support of these allegations about the individual defendant. Therefore, the Court finds that Defendant has not met its "heavy burden of persuasion" that Plaintiff has fraudulently joined the individual defendant. Neither the Complaint itself nor any evidence submitted in support of the Notice of Removal forecloses the possibility that Plaintiff may prevail on the claims against the in-state defendant. As a result, the Court finds that the individual defendant Mario Callejas has not been fraudulently joined and this Court cannot ignore his citizenship in assessing the propriety of removal.

Because the Notice of Removal alleges that Plaintiff and defendant Callejas are citizens of California, Defendant has failed to establish that complete diversity exists. See 28 U.S.C. § 1447(c). The Court does not have jurisdiction over this action. Accordingly, the Court remands this action back to Los Angeles Superior Court - Central District, case number 21STCV28938, for lack of subject matter jurisdiction.

IT IS SO ORDERED.